LEMMON, Judge.
Mrs. Andrew Smith was injured when she fell on the stairway in the St. Claude General Hospital. She and her husband have now appealed from a judgment which dismissed their tort suit after a trial on the merits. The issue on appeal is whether the Smiths bore their burden of proving that a defect in the stairway caused her fall.
The stairway, located between the first and second floors, was enclosed between two walls, with a handrail on the right wall, and made a right angle turn about halfway between the floors. There were six steps above the turn and six below.
Mrs. Smith had gone up the stairs to determine the condition of her brother, who had just been admitted to the hospital after suffering a heart attack. She testified that when she was going back down the stairs, between the top of the stairs and the turn, “something caused me to lose my balance and I fell.”
Later the same day Mr. Smith, with his wife’s brother and their church pastor, found that one step moved vertically about one-fourth inch when weight was placed on it. However, while Smith and the pastor identified the loose step as the fourth or fifth from the top, Mrs. Smith’s brother identified the faulty step as the fourth or fifth from the bottom. None of the three men reported the loose stair to anyone.
All three men testified that the treads of the stairs were bare wood, with a metal strip on the edge. They did not find any defects in the metal strips or in the other stairs.
The head nurse completed an incident report, while questioning Mrs. Smith after the accident, and listed the cause of the accident as “foot caught on steel piece of stair .& pt. slipped & lost her balance.” The nurse testified that Mrs. Smith gave her this information, while Mrs. Smith didn’t remember telling the nurse anything but her name, address and telephone number.
The nurse further testified that she used the stairs several times each day, both prior to the accident and for 16 months thereafter until she resigned, and that none of the stairs ever gave way or moved when she stepped upon them.
*578 The hospital administrator inspected the stairway after he read the accident report, particularly checking the metal strips. He checked each stair individually and found no defects.[1]
Since Mrs. Smith at trial denied knowing at the time of the accident what caused her to fall, she had to depend upon other witnesses to causally connect the allegedly defective stair with her injury. Had the witnesses successfully established the existence of a loose step at approximately the point where Mrs. Smith testified she lost her balance, perhaps a reasonable inference would have arisen that the loose step caused her fall. However, the testimony of her witnesses as to the defect was inconsistent on important points and was contradicted by the particular testimony of the administrator as to his inspection following the accident[2] and by the general testimony of the former nurse as to her use of the stairs before and after the accident. Additionally, the information recorded by the nurse as Mrs. Smith’s response to a question about the cause of the fall casts further doubt upon the cause being a defective stair.
The trial judge stated he was impressed that defendants’ witnesses were more knowledgeable and accurate about the condition of the steps than were plaintiffs’ witnesses. Defendants’ witnesses were unequivocal in their testimony that the stairway was in a safe condition at the time of the accident and that no repairs or changes were made in the stairway after the accident, while the testimony of plaintiffs’ witnesses was inconsistent and contradicted, as noted above. We therefore agree with the trial judge’s conclusion that plaintiffs have failed to prove that a defective condition in the stairway caused Mrs. Smith’s fall.
The judgment is affirmed.
Affirmed.

. The administrator also testified that the stairs were not bare, but had a rubber nonslip covering, fastened by the metal strips. Since there was no contention that Mrs. Smith’s fall was caused by the rubber covering or by the lack of covering, the point is only important in evaluating the reliability of the testimony of plaintiffs’ witnesses. In any event, photographs taken about four months after the accident showed the rubber covering on the stairs.

. We disregard as unlikely and relatively unimportant the administrator’s claim that he performed monthly a detailed safety inspection of the stairs as part of his normal routine.